# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>NANCY S. CHU; MING TUNG CHOK; UNITED COMMERCIAL BANK; U.S. SECURITIES AND EXCHANGE COMMMMISSION; WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-1; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-06982 DSF (PLA)<br><br>**JUDGMENT OF FORECLOSURE AND ORDER OF SALE** |

The Court hereby GRANTS Judgment in favor of Plaintiff and against Defendants as follows:

1. This action pertains to real property commonly known as 249 Independence Drive, Claremont, CA 91711 ("Subject Property"). The legal description for the Subject Property is as follows:

LOT 20, INCLUSIVE OF TRACT NO. 35323, IN THE CITY OF CLAREMONT, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1043 PAGES 76 TO 78 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL MINERALS, OIL, GAS, PETROLEUM, OTHER SUBSTANCES AND ALL UNDERGROUND WATER IN OR UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND WHICH UNDERLIES A PLANE PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF SAID LAND FOR THE PURPOSE OF PROSPECTING FOR, THE EXPLORATION, DEVELOPMENT, EXTRACTION AND SUBSTANCES AND WATER FROM SAID LAND PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER FROM SAID LAND BY MEANS OF MINES, WELLS, DERRICKS AND/OR EQUIPMENT FROM THE SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING OUTSIDE OF THE ABOVE DESCRIBED LAND, IT BEING UNDERSTOOD THAT THE OWNER OF SUCH MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER, AS SET FORTH ABOVE SHALL HAVE NO RIGHT TO ENTER UPON THE SURFACE OF THE ABOVE DESCRIBED LAND NOT TO USE ANY OF THE LAND OR ANY PORTION THEREOF SAID PLANE PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF THE SAID LAND FOR ANY PURPOSE WHATSOEVER, AS RESERVED ON DEED SEPTEMBER 12, 1986 AS INSTRUMENT NO. 86-1205018, OFFICIAL RECORDS.

2. This judgment is entered in favor of Plaintiff and against defaulted Defendants Nancy S. Chu and Ming Tung Chok.

3. The following stipulating parties are hereby bound by this Judgment by virtue of the following: **(i)** the Stipulation Cancelling Trustee's Deed and Nonparticipation signed by Defendant Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLAP Securitization Trust, Series 2014-1, which was approved by the Court on February 27, 2018 at Docket No. 35; **(ii)** the Stipulation

Cancelling Trustee's Deed and Disclaimer of Interest signed by United Commercial Bank, which was approved by the Court on January 23, 2018 at Docket No. 33; and **(iii)** the Stipulation for Entry of Judgment signed by U.S. Securities and Exchange Commission, which was approved by the Court on March 14, 2019 at Docket No. 56.

4. It is hereby further ordered that the Trustee's Deed Upon Sale recorded on April 7, 2016 with the Los Angeles County Recorder's Office as Instrument Number 20160382632 is hereby cancelled *nunc pro tunc*;

5. It is hereby further ordered that the amount due and owing by Defendant Nancy S. Chu to Plaintiff is **$2,272,082.20,** this amount will be paid from the proceeds of the judicial foreclosure sale of the Subject Property and is comprised of the following:

   a. unpaid principal balance of $1,527,020.70;
   b. interest from August 1, 2010 to December 31, 2018, amounting to $511,613.04;
   c. escrow advances of $174,417.73;
   d. recoverable balances due under the loan, including, but not limited to property preservations costs and fees, totaling $52,386.34; and
   e. unpaid late fees in the amount of $6,644.39.

6. It is hereby further ordered that the Subject Property described in paragraph 1 above shall be sold by the U.S. Marshal in the manner prescribed by law pursuant to a writ of sale.

7. It is hereby further ordered that any party to this action may purchase the Subject Property at the foreclosure sale. From the sale proceeds, the U.S. Marshal shall pay to Plaintiff, after deducting expenses of the levy and sale, the sums adjudged due and owing stated above in paragraph 5, together with interest not to exceed the annual rate of 10 percent from the date of this judgment.

8. It is hereby further ordered that if any surplus remains after the payments specified above are made, the surplus shall be paid to the junior lien holders in the order and priority as existed prior to the foreclosure sale. Defendant U.S. Securities and Exchange Commission preserves its rights to surplus funds pursuant to the stipulation entered by the parties.

9. It is hereby further ordered that if the sale proceeds are insufficient to cover the amounts owing to Plaintiff, no deficiency shall be awarded pursuant to section 726(b) of the Code of Civil Procedure.

10. It is hereby further ordered Defendant U.S. Securities and Exchange Commission preserves all statutory rights pursuant to 28 U.S.C. §2410, including its right of redemption, and all other rights afforded to U.S. Securities and Exchange Commission under applicable law.

11. It is hereby further ordered that pursuant to section 726(e) of the Code of Civil Procedure, all other persons having any lien or claim to the Subject Property (excluding the U.S. Securities and Exchange Commission) are barred from any right of redemption in and claim to the Subject Property following the sale of the Subject Property by the U.S. Marshal.

12. It is hereby further ordered that the Court specifically retains jurisdiction of the cause to make such additional orders as may be necessary to effectuate and enforce the provisions of this Judgment.

IT IS SO ORDERED.

DATED: May 1, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE